IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>TIM BRANNAN,<br><br>    Respondent. | Civil Action No. 6:16-CV-40 |

## PETITION TO ENFORCE IRS SUMMONS

The United States of America, on behalf of the Internal Revenue Service, petitions this Court to require respondent Tim Brannan to comply with an IRS summons, as follows:

1. Jurisdiction for this proceeding exists under 26 U.S.C. § 7604(a).

2. Venue is proper in this Court because Brannan resides in San Angelo, Texas. Brannan's address is 5601 Columbine Lane, San Angelo, Texas 76904.

3. The Internal Revenue Code authorizes the Secretary of Treasury,

> [f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . , or collecting any such liability . . . [t]o summon the person liable for tax . . . or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax . . . , or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony,

>under oath, as may be relevant or material to such inquiry
>
>. . . .

26 U.S.C. § 7602(a).  This section "has long been characterized as an inquisitorial, rather than an accusatorial power, somewhat analogous to a grand jury investigation." *United States v. Wyatt,* 637 F.2d 293, 299 (5th Cir. 1981).  The Fifth Circuit holds that it is to be "liberally construed" to permit the IRS to carry out its duties.  *United States v. Schwartz*, 469 F.2d 977, 982 (5th Cir. 1972); *see also United States v. McKay*, 372 F.2d 174, 176 (5th Cir. 1967).

4. Christopher Fletcher, a revenue officer of the IRS and an authorized delegate of the Secretary of the Treasury and the Commissioner of the IRS, is investigating certain tax liabilities of a third party, Michael E. Boulanger.  On November 30, 2015, Fletcher issued an IRS summons (Form 2039) to Brannan pursuant to section 7602 of the Internal Revenue Code, seeking information within Brannan's possession about Boulanger.  The summons relates to the IRS's attempts to investigate Boulanger's tax liability.  A copy of the summons is attached to this petition as Exhibit A.

5. The summons required Brannan to appear at the IRS office in San Angelo on December 22, 2015 to give testimony and to produce for examination the information and documents related to Boulanger, as described in the summons.

6. Fletcher served the summons by leaving an attested copy at the last and usual place of abode for Brannan, at 5601 Columbine Lane in San Angelo, Texas, on December 1, 2015.  This is a proper method of serving a summons, under 26 U.S.C. § 7603(a).  *See* Declaration of Christopher Fletcher ¶ 4; Exhibit A.

7. Brannan did not appear at the IRS office in response to the summons and, to date, has refused to comply despite efforts to accommodate his alleged inability to appear at the originally scheduled time and location. *See* Declaration of Christopher Fletcher ¶ 5; *see also* Exhibits B–D.

8. The summons was issued to investigate Boulanger's tax liability, which is a legitimate purpose for issuing a summons pursuant to the Internal Revenue Code. The materials sought in the summons are relevant to that purpose. The information requested is not in the possession of the IRS. In addition, the IRS has followed the administrative steps related to the IRS's investigatory activities and required by the Internal Revenue Code. *See* Declaration of Christopher Fletcher ¶¶ 2–3, 6–8.

9. As demonstrated in this petition and the accompanying declaration and exhibit, the IRS has established a prima facie case for enforcement of the summons under *United States v. Powell*, 379 U.S. 48 (1964). Pursuant to *Powell*, the IRS is entitled to enforce a summons when it shows:

> that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed—in particular, that the "Secretary or his delegate," after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

*Powell*, 379 U.S. at 57–58. Once the IRS has established the *Powell* requirements, the burden shifts to the respondent to either disprove one of the four elements or to demonstrate that judicial enforcement of the summons would constitute an abuse of

process. *United States v. Davis*, 636 F.2d 1028, 1034 (5th Cir. 1981) (citing *Powell*, 379 U.S. at 58).

FOR ALL THESE REASONS, the United States of America respectfully requests that the Court:

(a) issue an order directing Tim Brannan to appear before this Court to show cause, if any, why an order should not be issued directing and commanding Tim Brannan to appear before an officer of the IRS at such time and place as the Court may order, to give such testimony, and to produce such records, as were requested in the summons;

(b) at the hearing described above, issue an order directing and commanding Tim Brannan to appear before an officer of the IRS at such time and place as the Court may order, to give such testimony, and to produce such records, as were requested in the summons;

(c) provide in its show cause order that service of the show cause order, together with a copy of this petition and the accompanying declaration and exhibits, may be made on Tim Brannan by revenue officer Christopher Fletcher, or any other revenue officer or any proper officer of the IRS, in any manner consistent with Rule 4 of the Federal Rules of Civil Procedure; and

(d) award the United States such other and further relief to which it may be entitled.

DATED:  June 27, 2016

Respectfully submitted,

JOHN R. PARKER
United States Attorney

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8626
Facsimile:    214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Petitioner